

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-21-00027-CR

---

A'VENTAE VERNARD MATHIS, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CR-19-26964

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

While A'Ventae Vernard Mathis was on community supervision for possessing a controlled substance in a correctional facility,[1] the State moved to revoke his community supervision on the ground that he evaded arrest. After an evidentiary hearing, the trial court found the State's allegation true, granted the State's motion, and sentenced Mathis to ten years' confinement. Mathis appeals.

Mathis's attorney has filed a brief stating that she has reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Providing a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, counsel has met the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On June 22, 2021, counsel mailed to Mathis copies of the brief, the appellate record, and the motion to withdraw. Mathis was informed of his rights to review the record and file a pro se response. By letter dated June 23, this Court informed Mathis that any pro se response was due on or before July 23. On August 3, this Court further informed Mathis that the case would be set

---

[1]Mathis had pled guilty to that third-degree felony possession charge and true to the State's punishment enhancement allegation. *See* TEX. PENAL CODE ANN. § 38.11(g) (Supp.). Pursuant to a plea agreement, Mathis had been sentenced to ten years' imprisonment, but the sentence had been suspended in favor of placing him on community supervision for ten years.

for submission on the briefs on August 24. We received neither a pro se response from Mathis nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[2]

Josh R. Morriss, III
Chief Justice

Date Submitted:     August 24, 2021
Date Decided:       September 14, 2021

Do Not Publish

---

[2]Since this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* Tex. R. App. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* Tex. R. App. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* Tex. R. App. P. 68.4.